[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SEVER AND DISMISS
On January 8, 1999 Karen Clarke and her eight-year old son Leroy "B.J." Brown were shot to death in their home. The bodies of the victims were discovered the next day by a co-worker of Mrs. Clarke's. Leroy Brown was scheduled to be a witness against this defendant's brother, Russel A. CT Page 12632 Peeler, Jr. in a murder and attempted murder prosecution.
Subsequent investigation led to the arrest of both Russel Peeler and Adrian Peeler for charges stemming from the double homicide. In January, 2000 Adrian Peeler and Russel Peeler began jury selection in a capital felony trial. Both defendants faced counts relating to the January 1999 double murder of Karen Clarke and her son Leroy Brown. In March of 2000, Adrian Peeler's case was severed and on June 3, 2000 a motion for a change of venue-was granted and his case was transferred to Waterbury. Russel Peeler's trial continued and he was convicted of murder, two counts of capital felony and conspiracy to commit murder. In the penalty phase of that prosecution, the jury deadlocked and Russel Peeler was eventually sentenced to life in prison on June 3, 2000.
From the date of the severance of Adrian Peeler's trial to July of 2000, Adrian Peeler was charged with Murder, C.G.S. § 53a-54a(a), two counts of Capital Felony, C.G.S. § 53a-54b(9) and Conspiracy to Commit Murder, C.G.S. § 53a-54a(a)
The State filed a substitute information on July 12, 2000 which added a fifth count in which Adrian Peeler was charged with violating the Corrupt Organization and Racketeering Activity Act (CORA) in violation of C.G.S. 5 53-395. It is this fifth count to which the motion to sever is addressed.
This so-called CORA count which the State seeks to add to the original four counts alleges a conspiracy to violate the Corrupt Organization and Racketeering Activity Act (CORA) and further details eight separate incidents in support of that charge. These eight incidents include "street gang" allegations and more specifically individual instances of narcotics activities on the part of Adrian Peeler in November 1995 (1st Incident Substitute Information CR99 148397T), a 1996 shooting (2nd Incident), other narcotics trafficking in January of 1995 and June of 1996 (3rd Incident), additional narcotics counts in both April of 1999 and January of 1999 (4th Incident), complicity in the murder of Rudolph Snead, Jr. in May of 1998 (5th Incident). A separate murder is also included as Incident Six in the CORA count (Karen Clark's murder). Incident number seven of the CORA count alleges another murder (Leroy Brown's) and lastly, the 8th Incident of the CORA count charges another murder conspiracy, involving an agreement to kill Karen Clarke and her son.
Connecticut General Statutes § 54-57 and Connecticut Practice Book § 36-17 allow the filing of additional counts. The additional counts may be stricken if the trial would be unduly delayed or the substantive rights of the defendant would be prejudiced. CT Page 12633
In a general discussion of the possible prejudice a defendant may suffer in this situation our Supreme Court in State v. Delgado,243 Conn. 523 identifies areas of potential concern and lists the factors that a trial court should consider in deciding whether severance may be necessary to avoid undue prejudice from the consolidation of multiple charges for trial. They are, (1) whether the charges involve discrete, easily distinguishable factual scenarios; (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part; and (3) the duration and complexity of the trial. Statev. Delgado, supra 243 Conn. 532, 533.
Applying this test to the facts of this case, it is apparent that the 5th count of the substitute information should be severed.
The additional 5th count of the substitute information and its eight separate incidents of misconduct alleged against the defendants spans a four year period. Presented in a separate trial, the CORA count's pattern of racketeering activity might be easy for a jury to follow. The eight incidents may be discrete and easily distinguishable, but joined as it is with the four counts related to the death of Karen Clarke and Leroy Brown, the jury would be faced with a confusing jumble of conspiracies, murders, shooting and drug counts that no amount of limiting instructions could assist a jury in their task of relating what evidence relates to which counts. Furthermore, it is difficult to describe the incidents supporting the CORA count as anything but violent, shocking and brutal.
Finally, a capital felony trial is invariably long and complex.
Therefore, rather than attempt the impossible task of making sense of the inevitable confusion caused by the addition of the 5th count of the substitute information, the Court severs it.
This Court does not reach the merits of the defendant's Motion to Dismiss 5th Count which the defendant may renew should the State seek to reinstate it's CORA prosecution at the conclusion of this trial. Also, the defendant's other motion addressing the 5th count (Essential Facts and Bill of Particulars) need not be dealt with at this time.
The Motion to Sever the 5th Count is granted.
THOMAS V. O'KEEFE, JR.